Curia, per Wardlaw, J.
The evidence seems to shew that the plaintiff acquired possession of the note in the course of his duty as ordinary, having charge of the derelict estate of the payee.
The genuineness of the note being undisputed, and yet both maker and payee having died before the day of the date, it is manifest that the note was posZ-dated. If this were done by design of the parties, for no purpose of fraud, it did not affect the validity of the instrument, but simply made it equivalent to a note correctly dated and made payable on the day fixed by the posZ-dating for the payment, to wit, — one day after 3d. Dec. 1841. In the case of Pasmore vs. North, 13 East, 516, this was acknowledged to be the result as to the parties to a bill of exchange so designedly posZ-dated, even by those who contended that the bill was unnegotiable before the day of the date; and the court held that there was no seeming fraud on the face of the bill, which rendered it unfit for negotiation.
If the posZ-dating were done by mistake, then, upon the mistake being shewn, the note would have become a note payable one day after the date intended. Chitty on Bills, 354.
In either view, it seems that the non-suit was improperly ordered, and that, according to the evidence adduced, the plaintiff was entitled to recover.
The note was upon its face good, and no mistake must *564 necessarily be presumed. If the fact of a mistake was essential to the defendant’s defence, it was incumbent on him to have shewn it. If there was a mistake, and it consisted in writing 1841 for 1840, still the four years and nine months necessary for the protection of the adminis-tratrix, under the statute of limitations, had not run out before the commencement of the suit. If there was other mistake, what it was is left altogether to conjecture, and there is no ground upon which it must be presumed in such form as may serve the defendant.
The non-suit is set aside, and a new trial ordered.
RichaRDson, O’Neall, and Evans, JJ. concurred.